UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02679 JAK (JPRx) | Date | June 14, 2016 |
|---|---|---|---|
| Title | Saul Miranda v. David Horner, et al . | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION (JS-6)

On January 29, 2016, Saul Miranda ("Plaintiff") brought this action against David Horne and Does 1-10 ("Defendants") in the Superior Court of California, County of Los Angeles. Complaint, Dkt. 1. The Complaint advances one cause of action, arising under California law: unlawful detainer against occupant after foreclosure, Cal. Civ. Code 1161(a). Defendant Adija Raintree removed this case on April 19, 2016. Notice of Removal, Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), a district court must determine the issue of subject-matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't* , 523 U.S. 83, 94 (1998). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (internal citations omitted).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, a case arises under federal law when "federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As such, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Federal question jurisdiction may also arise when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander*, 304 F.3d at 858 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). This is a "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton,* 133 S. Ct. 1059, 1064-65 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. "Where all four of these requirements are met

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-02679 JAK (JPRx) | Date | June 14, 2016 |
|---|---|---|---|
| Title | Saul Miranda v. David Horner, et al . | | |

. . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313-14 (2005)).

When a case does not arise under federal law, a district court has original jurisdiction only when there is diversity of citizenship. 28 U.S.C. § 1332. Such jurisdiction is present in an action where the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* Moreover, as noted, that an affirmative defense based on federal law is advanced by the removing defendant, is not a basis for federal jurisdiction. *Merrell Dow Pharm.*, 478 U.S. at 808.

The Notice of Removal does not allege diversity jurisdiction. Nor does the Complaint allege a cause of action arising under federal law. As the basis for federal jurisdiction, the Notice of Removal alleges only that federal question jurisdiction exists because Defendants filed, and the Superior Court denied, a demurrer, premised on a claimed deficiency in notice by Plaintiff in connection with the Superior Court proceedings. The claimed deficiency is based on 12 U.S.C. § 5220. Notice of Removal ¶¶ 8-10, Dkt. 1. As noted, such an affirmative defense is not a basis for federal jurisdiction.

For these reasons, this Court lacks jurisdiction over this matter. It is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse, Case. No. 16 U01223.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |